UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. MWASI,<br><br>           Plaintiff,<br><br>    v.<br><br>T. ASCENCIO,<br><br>           Defendant. | Case No. 22-cv-00813-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 15 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and plaintiff filed a second amended complaint.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff says that defendants harassed him and issued false Rules Violation Reports ("RVR").  Allegations of verbal harassment and abuse do not state a claim under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

A prisoner does not have a constitutionally guaranteed right to be free of a false conduct allegation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  If a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

A false charge that results in discipline that does not amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), is not actionable under § 1983 if it does not implicate another constitutional right (e.g., the First Amendment right to be free of

retaliation). *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *see, e.g.*, *id*. at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). Liberty interests can arise under the Constitution and state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). The Due Process Clause does not confer a liberty interest in avoiding "more adverse conditions of confinement," *id*., or a liberty interest in being housed in the general prison population instead of administrative segregation, *see Hewitt*, 459 U.S. at 466-68.

With respect to state law, the existence of a liberty interest created by prison regulations is determined the nature of the deprivation. *Sandin*, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. When conducting the *Sandin* inquiry, Courts should look to Eighth Amendment standards as well as the prisoners' conditions of confinement, the duration of the sanction, and whether the sanctions will affect the length of the prisoners' sentence. See *Serrano*, 345 F.3d at 1078.

The Supreme Court has established five procedural requirements for disciplinary hearings. *See Wolff*, 418 U.S. at 539. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id*. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id*. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id*. (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed

to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id*. at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id*. at 567-68, and does not give rise to a right to counsel in the proceedings, *see id*. at 569-70.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

*Heck* does not apply to prisoner civil rights actions challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement. *Wilkerson v. Wheeler,* 772 F.3d 834, 840 (9th Cir. 2014). Where a claim seeking expungement of a disciplinary finding would, if successful, "necessarily accelerate" the prisoner's release on parole, *Heck* applies. *Ramirez v. Galaza*, 334 F.3d 850, 858-5 (9th Cir. 2003) (interpreting *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)).[1]

Plaintiff names more than twenty defendants in this case and he seeks money damages only. He raises issues with multiple RVRs that were issued against him. He notes that certain

---

[1] The *Ramirez* panel also noted that, under *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989), *Heck* also applies where expungement of a disciplinary finding is "likely to accelerate" the prisoner's eligibility for parole. *Ramirez*, 334 F.3d at 858. But *Bostic* has since been overruled. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

4

RVRs resulted in the loss of time credits.  Despite several amendments, plaintiff identifies no atypical and significant hardship other than stating the RVRs were used to deny parole.  Nor does plaintiff allege any violations of the *Wolff* procedural protections.

For example, plaintiff says that defendant Ascencio repeatedly harassed him and on September 7, 2019, issued him a false RVR.  At the RVR hearing, defendant Campbell reduced the RVR to a counseling chrono.  Plaintiff states that a counseling chrono can adversely affect his chances for parole.

On October 27, 2019, Ascencio issued plaintiff two separate RVRs that plaintiff alleges were improper.  Plaintiff alleges that Ascencio issued another false RVR in August 2021, and other defendants failed to intervene.

Plaintiff also states that in 2008 he received an RVR for a controlled substance that was actually for prescribed medication and in 2020 he was denied parole in part because it was stated that he had a drug problem.

Plaintiff's second amended complaint fails to state a claim.  His allegations that state law and prison regulations were violated does not present a federal claim.  Plaintiff's general allegations of harassment and false RVRs also fail to state a federal claim and plaintiff has only partially followed the Court's instructions to provide more information regarding the individual RVR hearings and the punishment.

Plaintiff does not allege any violations of his procedural rights under *Wolff* and no punishment that resulted in an atypical and significant hardship.  To the extent he seeks relief regarding an RVR that resulted in the loss of time credits, plaintiff has failed to demonstrate that the RVR was reversed or expunged.

Plaintiff says that the false disciplinary findings led to his being denied parole and if they were reversed, he would be paroled.  Assuming that plaintiff was denied parole due to one of the RVRs, plaintiff has repeatedly failed to identify any violation of his procedural rights.  Simply stating that he was falsely accused is insufficient when his due process rights were not violated.  These allegations fail to state a claim.  Plaintiff was provided multiple opportunities to amend but providing further amendment would be futile for the reasons set forth above.  This case is

dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's motion for an extension (Dkt. No. 15) is **GRANTED** and the court has reviewed the second amended complaint. This case is **DISMISSED** with prejudice for failure to state a claim.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: January 9, 2023

JAMES DONATO
United States District Judge